IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BENEFICIAL INNOVATIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICROSOFT CORPORATION, a Washington corporation; <br><br> Defendant. | CASE NO. 2:14-cv-00803 <br><br> **Jury Trial Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Beneficial Innovations, Inc. ("Beneficial Innovations") sues Defendant Microsoft Corporation, and, on information and belief, alleges as follows:

**Introduction**

1. Plaintiff Beneficial Innovations, Inc. ("Beneficial Innovations") owns the inventions described and claimed in United States Patent Nos. RE44,566 entitled "Advertising System for the Internet and Local Area Networks (the "'566 Patent"), and 6,712,702 entitled "Method and System for Playing Games on a Network" (the "'702 Patent") (collectively "the Patents"). Defendant (a) has used and continues to use Plaintiff's patented technology in products that it makes, uses, imports, sells, and offers to sell, and (b) has contributed to or induced, and continues to contribute to or induce, others to infringe the Patents. Beneficial Innovations seeks damages for patent infringement and an injunction preventing Defendant from making, using, selling, or offering to sell, and from contributing to and inducing others to make, use, sell, or offer to sell, the technology claimed by the Patents without Plaintiff's permission.

**Jurisdiction and Venue**

2.  This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq*.  The Court has original jurisdiction over this patent infringement action under 28 U.S.C. § 1338(a).

3.  Defendant has committed acts and continues to commit acts within this judicial district giving rise to this action.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1400.

### Plaintiff Beneficial Innovations

4.  Plaintiff Beneficial Innovations is a corporation existing under and by virtue of the laws of the State of Nevada.

### Defendants

5.  Upon Information and belief, Microsoft Corporation ("Microsoft") is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Redmond, Washington.

### First Claim for Patent Infringement
### (infringement of the '566 patent)

6.  Plaintiff incorporates by reference each of the allegations in paragraphs 1 - 5 above and further alleges as follows:

7.  The United States Patent and Trademark Office issued U.S. Patent No. 6,183,366 (the "'366 patent") on February 6, 2001.  The USPTO reissued that patent as the '566 patent on October 29, 2013.  Attached as Exhibit A is what is believed to be a copy of the text of the '566 patent.  Through assignment, Plaintiff is the owner of all right, title, and interest in the '566 patent, including all rights to pursue and collect damages for past infringements of the patent.

8.  Defendant Microsoft has infringed, contributed to the infringement, and induced others to infringe the '566 Patent and, unless enjoined, will continue to infringe the '566 Patent by using the apparatuses and methods claimed in the '566 Patent or by contributing to or inducing others to use the claimed apparatuses and methods, including at least the use of the

patented apparatuses and methods on the following websites, without a license or permission from Plaintiff: www.msn.com and www.bing.com.

9. Plaintiff has been damaged by Microsoft's infringement of the '566 patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Microsoft is enjoined from continuing to infringe the '566 patent.

10. Microsoft's infringement of the '566 patent has been and continues to be willful. Microsoft knew of the '566 patent since at least December 3, 2003. Microsoft has disregarded and continues to disregard an objectively high likelihood that its actions infringe the '566 patent. This risk has been known to Microsoft, or is so obvious that it should have been known to it.

11. Plaintiff is entitled to recover damages from Microsoft to compensate Plaintiff for the infringement.

12. Plaintiff demands trial by jury of all issues relating to this claim.

**Second Claim for Patent Infringement
(infringement of the '702 patent)**

13. Plaintiff incorporates by reference each of the allegations in paragraphs 1 - 12 above and further alleges as follows:

14. The United States Patent and Trademark Office issued the '702 patent on March 30, 2004. Attached as Exhibit B is what is believed to be a copy of the text of the '702 patent. Through assignment, Plaintiff is the owner of all right, title, and interest in the '702 patent, including all rights to pursue and collect damages for past infringements of the patent.

15. Defendant Microsoft has infringed, contributed to the infringement, or induced others to infringe the '702 Patent and, unless enjoined, will continue to infringe the '702 Patent by using the apparatuses and methods claimed in the '702 Patent or by contributing to or inducing others to use the claimed apparatuses and methods, including at least the use of the patented apparatuses and methods on the following websites, without a license or permission from Plaintiff: www.msn.com and www.bing.com.

16. Plaintiff has been damaged by Microsoft's infringement of the '702 patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Microsoft is enjoined from continuing to infringe the '702 patent.

17. Plaintiff is entitled to recover damages from Microsoft to compensate Plaintiff for the infringement.

18. Plaintiff demands trial by jury of all issues relating to this claim.

WHEREFORE, Plaintiff prays for judgment as follows:

A. A decree preliminarily and permanently enjoining Microsoft, its officers, directors, employees, agents, and all persons in active concert with them, from infringing, and contributing to or inducing others to infringe, the '566 and '702 patents;

B. Compensatory damages for Microsoft's infringement of the '566 and '702 patents;

C. Treble the compensatory damages as consequence of Microsoft's willful infringement;

D. Costs of suit and attorneys' fees on the basis that this patent infringement case is exceptional;

E. Pre-judgment interest; and

F. For such other relief as justice requires.

Dated: July 29, 2014                              Respectfully submitted,


                                                  By: */Julien Adams/*

                                                  Julien Adams
                                                  CA State Bar No. 156135
                                                  Gregory S. Dovel
                                                  CA State Bar No. 135387
                                                  Dovel & Luner, LLP
                                                  201 Santa Monica Blvd., Suite 600
                                                  Santa Monica, CA 90401

Telephone:  310-656-7066
Facsimile:  310-656-7069

ATTORNEYS FOR PLAINTIFF
Beneficial Innovations